IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JULIA BAILEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 3:16-CV-102-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and supplemental security income, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.**  **Whether the ALJ evaluated Plaintiff's obesity.**

**II.** **Whether the ALJ properly evaluated Plaintiff's credibility.**

### Administrative Proceedings

Plaintiff Julia M. Bailey filed applications for disability insurance benefits and supplemental security income on October 10, 2012 alleging that she became disabled to work on August 6, 2012. Her claims were denied on January 16, 2013 and on reconsideration on March 12, 2013. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on April 30, 2013. The hearing was held on August 7, 2014. Plaintiff appeared with her attorney and gave testimony, as did an impartial vocational expert (VE). Tr. 17. The ALJ issued an "unfavorable" written decision denying her applications on October 20, 2014. Tr. 14-33. She sought review by the Appeals Council on November 7, 2014 but was denied on June 13, 2016. Tr. 12-13, 2-8. Having exhausted the administrative remedies available to her under the Social Security Act, she now seeks judicial review of the final decision by the Commissioner to deny her claims.

### Statement of Facts and Evidence

On the alleged date of disability onset, Plaintiff was fifty-two years old. She has a high school education and worked previously as a cook and server in restaurants. Tr. 26. In conducting the five-step sequential analysis set forth in the Commissioner's regulations for the evaluation of disability claims, at step two the ALJ found her to have severe impairments of seizure disorder, depression, anxiety, history of knee pain, and

4

obesity. 20 C.F.R. §§ 404.1520(c), 416.920(c). Finding No. 3, Tr. 19-20. At step three he further found that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 4, Tr. 20-21. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits her to engage in work at the light exertional level with added exertional and nonexertional restrictions. Finding No. 5, Tr. 21-26. Next, the ALJ determined at step four that the RFC assessment prohibited her from returning to her past relevant work. Finding No. 6, Tr. 26. In his step-five analysis, the ALJ established that there are jobs available to Plaintiff in the national economy which her RFC permits her to perform and—relying on testimony from the VE—found cashier, ticket marker, and mail clerk to be representative occupations. Finding No. 10, Tr. 26-27. Therefore, he found Plaintiff to not be disabled. Finding No. 11, Tr. 28.

## DISCUSSION

In her brief before the Court, Plaintiff raises two allegations of error. First, she argues the ALJ failed to evaluate her obesity. Second, she claims the ALJ improperly discounted her credibility in considering her statements about her symptoms. Pl.'s Br. 1, 2, ECF No. 13. The Commissioner responds that the ALJ properly considered Plaintiff's obesity and her subjective complaints. Comm'r's Br. 3, 7, ECF No. 16. The issues are addressed by the Court in the order Plaintiff has raised them.

I.     **Did the ALJ evaluate Plaintiff's obesity?**

The ALJ found at step two that Plaintiff has the severe impairment of obesity even

though Plaintiff had not listed obesity as a reason she considered herself disabled to work. Finding No. 3, Tr. 19-20, 248. He addressed obesity in the context of Social Security Ruling 02-01p, noting that obesity must be considered in determining severe impairments, whether impairments meet or equal a listed impairment, whether impairments prevent a return to past relevant work, and whether impairments preclude a claimant from engaging in other available work. Tr. 19, 20. In other words, the ALJ properly acknowledged the requirement in the Commissioner's regulations governing obesity that it be considered throughout the five-step sequential analysis.

Plaintiff's reliance on this Court's prior decisions in *Thomas v. Barnhart,* 5:06-cv-6-HL, 2008 WL 822514 (M.D. Ga. March 26, 2008) and *Taylor v. Astrue,* 5:09-cv-146-HL, 2010 WL 2197279 (M.D. Ga. June 1, 2010) is misplaced. In *Thomas*, the ALJ failed to mention or discuss obesity. In *Taylor,* the ALJ did not consult or review the medical evidence of obesity in determining claimant's ability to work. The ALJ here found obesity to be a severe impairment and noted Plaintiff's weight on presentations to her health care providers throughout his written decision.

On March 22, 2011, Plaintiff was treated at Athens Neurological Associates. The ALJ explicitly considered her weight and blood pressure and her otherwise benign condition. Tr. 23. She was seen again on December 5, 2011 and the ALJ again noted her weight relative to her blood pressure in the record. Tr. 24. At the evidentiary hearing, her attorney established through her testimony her weight and height, but neither at the hearing nor in the medical evidence of record is there any indication that obesity caused functional limitations which would preclude Plaintiff from working. The ALJ thoroughly

6

considered obesity, found it to be a severe impairment, discussed it throughout his decision, and thus no error is found. *Lewis v. Comm'r of Soc. Sec.,* 487 F. App'x 481 (11th Cir. 2012).

## II. Did the ALJ properly evaluate Plaintiff's credibility?

The ALJ discounted Plaintiff's credibility regarding her statements and testimony about her symptoms. Plaintiff asserts he failed to consider the appropriate regulatory factors and did not give explicit and adequate reasons for doing so. As pointed out in the decision, the ALJ first noted that Plaintiff quit previous work not because she was unable to do it, but because she wanted to open a catering business. Tr. 26. He further discussed her seizure disorder and evidence in the record that seizures were much less frequent than she said and were controlled by medication. Tr. 26, 40, 48. Furthermore, objective medical testing such as MRIs and CT scans did not support her claim. The ALJ drew his conclusion to discount her credibility after acknowledging the correct regulations and rulings. Tr. 21-22. In doing so, he sufficiently explained his decision and applied the correct principles of law. *Markuske v. Comm'r of Soc. Sec.,* 572 F. App'x 762 (11th Cir. 2014). Plaintiff's second asserted error is without merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 23rd day of June, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE